IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHRISTOPHER DOLD, | |
| Plaintiff, | 8:25CV659 |
| vs. | |
| UNION PACIFIC RAILROAD COMPANY, | **STIPULATED PROTECTIVE ORDER** |
| Defendant. | |

Upon consideration of the parties' joint request for entry of a protective order (Filing No. 11), the court enters the following protective order governing the disclosure of confidential discovery material by a producing party to a receiving party in this action. This protective order was stipulated by the parties.

The parties agree that it may be necessary during discovery to disclose certain confidential information relating to the subject matter of this action. They agree that certain information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. The parties jointly request entry of a protective order to limit the disclosure, dissemination, and use of certain identified categories of confidential information. The parties may expand the categories of confidential information subject to this agreement during the pendency of this litigation by doing so in writing as agreed to by all parties.

At this time, the parties seek protection of the following identified categories of confidential information: personally identifying and confidential information from the

personnel records of Defendant and Defendant's employees, and confidential and proprietary information from third parties.

Public disclosure of this information may be a violation of the right to privacy, confidentiality, HIPAA, and may contain confidential commercial information, business practices, and trade secrets that could cause harm if made public knowledge.

1. **Definition of Confidential Information.** As used in this Order, "Confidential Information" is defined as information that the producing party designates in good faith should be protected from disclosure and use outside the litigation because its disclosure and use are restricted by statute or could potentially cause harm to the interests of the disclosing party or nonparties. For purposes of this Order, the parties will limit their designation of "Confidential Information" to the categories identified above. This Protective Order may also apply to other information and documents that may be disclosed in this case in the future, if expressly agreed to in writing by the parties. Information or documents that are available to the public may not be designated as Confidential Information.

2. **Form and Timing of Designation.** The producing party may designate documents as containing Confidential Information and therefore subject to protection under this Order by marking or placing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER (hereinafter, "the marking") on the document and on all copies in a manner that will not interfere with the document's legibility. If marking is not possible, then the document should be identified as Confidential in whatever manner is possible. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information. The marking will be applied prior to or at the time the documents are produced or disclosed. Copies that are made of any designated documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents

and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

3. **Inadvertent Failure to Designate.** Inadvertent failure to designate any document or material as containing Confidential Information will not constitute a waiver of an otherwise valid claim of confidentiality.

4. **Depositions.** Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within a reasonable time after receipt of the deposition transcript. Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected.

5. **Protection of Confidential Material.**
    a. **General Protections.** Designated Confidential Information must be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals.
    b. **Who May View Designated Confidential Information.** Except with the designating party's prior written consent or prior court order, Confidential Information may only be disclosed to the following persons:
        1) The parties, including their employees, agents, and representatives;
        2) Counsel for the parties and their employees and agents;
        3) The court and court personnel, including any special master appointed by the court, and members of the jury;
        4) Court reporters, recorders, and videographers engaged for depositions;
        5) Any mediator appointed by the Court or jointly selected by the parties;
        6) Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation;
        7) Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such confidential documents or

      information will assist the witness in recalling, relating, or explaining facts or in testifying;

    8) The author or recipient of the document (not including a person who received the document in the course of the litigation);

    9) Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation; and

    10) Other persons only upon consent of the producing party and on such conditions as the parties may agree.

  c. **Control of Documents.** The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information. Counsel for the parties must maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents.

6. **Filing Confidential Information.** A party that seeks to file any document containing Confidential Information must take appropriate action to ensure that the document receives proper protection from public disclosure, such as: (a) filing a redacted document with the consent of the party who designated the document as confidential; or (b) seeking permission to file the document under seal. Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal. Merely designating information as confidential pursuant to this Order is insufficient to satisfy the Court's requirements for filing under seal in light of the public's qualified right of access to court dockets. The parties understand that the requested documents may be filed under seal only with the Court's permission after proper motion. If the motion is granted and the requesting party is permitted to file the requested documents under seal, only counsel of record and unrepresented parties will have access to the sealed documents.

7. **Challenging a Confidential Designation.** Any party may challenge the designation of any material or document as Confidential Information. Before filing any motion

or objection, though, the objecting party must meet and confer in good faith to resolve the objection informally without judicial intervention. The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality. Until the Court rules on the challenge, all parties must continue to treat the materials as Confidential Information.

8. **Using Confidential Documents or Information at Trial or Hearing.** Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or anticipates that another party may present Confidential Information at a hearing or trial must bring that issue to the attention of the Court and the other parties without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

9. **Obligations on Conclusion of Litigation.**
    a. **Order Remains in Effect.** Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation.
    b. **Returning Confidential Documents.** Within 30 days after this litigation concludes by settlement, final judgment, or final order, including all appeals, all documents designated as containing Confidential Information, including copies as defined above, must be returned to the party who previously produced the document or destroyed by the receiving party unless retention is required under applicable rule; or the document has been offered into evidence or filed without restriction as to disclosure.
    c. **Retaining Work Product.** Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index that refers or relates to designated Confidential Information, so long as that work product does not duplicate verbatim substantial portions of the text or images of designated documents. This work product will continue to be confidential under this Order. An attorney may

use his or her own work product in subsequent litigation provided that its use does not disclose Confidential Information.

10. **Modification.** This Order may be modified by the Court on its own motion or on motion of any party or any other person with standing concerning the subject matter. The Order must not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

11. **Enforcement.** Even after the final disposition of this case, a party or any other person with standing concerning the subject matter may file a motion to seek leave to reopen the case for the limited purpose of enforcing or modifying the provisions of this Order.

12. **No Prior Judicial Determination.** This Order is entered based on the parties' representations and agreements for the purpose of facilitating discovery. Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the parties is entitled to protection unless or until such time as the Court may rule on a specific document or issue.

13. **Persons Bound.** This Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms including any person or entities who become parties to this lawsuit in the future.

14. **Protections Extended to Third-Party's Confidential Information.** The parties agree to extend the provisions of this Protective Order to Confidential Information produced in this case by third parties, if timely requested by the third party.

15. **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.** A receiving party that is served with a subpoena or an order issued in other litigation that would compel disclosure of Confidential Information must so notify the designating party, in writing within a reasonable amount of time after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The receiving party also must immediately inform in

6

writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order and deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party bears the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations in this paragraph remain in effect while the party has Confidential Information in its possession, custody, or control.

Dated this 27th day of January, 2026.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge